# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

SEBASTIAN SMITH,                )
                                )
    Plaintiff,              )
                                )
v.                              )    Case No. CIV-16-285-F
                                )
BARBARA McSWAIN, et al.,        )
                                )
    Defendants.             )

## REPORT AND RECOMMENDATION

Plaintiff, Sebastian Smith, a state pretrial detainee appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred by United States District Judge Stephen P. Friot for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of Plaintiff's Complaint [Doc. No. 1] has been conducted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). For the reasons set forth below, the Court finds Plaintiff's Complaint should be dismissed because it fails to state any plausible claims upon which § 1983 relief may be granted.

**I.**    **Plaintiff's Claim for Relief / Factual Background**

Plaintiff is a pretrial detainee currently incarcerated at the Cleveland County Detention Center (CCDC) in Cleveland County, Oklahoma. He brings a single claim for relief alleging that he has been denied access to the courts in violation of his federal due process rights. In support, he alleges that he has been denied the use of a law library and that he needs access to a law library because "he is pro se in his pending criminal case." Plaintiff alleges that Defendant McSwain, identified as the administrator of CCDC, has denied all of his requests regarding use of a law library and Defendant Lester, Sheriff of Cleveland County, Oklahoma, has never

responded to his requests or grievances. As relief, Plaintiff requests this Court to order Defendants to provide a law library and/or to pay for law books so that he can prepare a defense to the pending criminal charges.

## II. Standard for Dismissal

Where a plaintiff proceeds in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious" or "fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also* 28 U.S.C. § 1915A(b)(1). The Court's review of a complaint under § 1915(e)(2)(B)(ii) mirrors that required by Fed. R. Civ. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

To withstand dismissal, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face.")). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). Pleadings that do not allow for at least a "reasonable inference" of the legally relevant facts are insufficient. *Id*. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Because Plaintiff is proceeding pro se, his complaint must be construed liberally. *Kay*, 500 F.3d at 1218. However, the generous construction given to a pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized

2

legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997). Additionally, Plaintiff's pro se status does not relieve him of the duty to comply with the Federal Rules of Civil Procedure. *See Yang v. Archuleta,* 525 F.3d 925, 927 n. 1 (10th Cir. 2008); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Applying these standards, Plaintiff has failed to state a plausible claim for relief against Defendants. Therefore, Plaintiff's Complaint should be dismissed.

### III.   Analysis

Although the Supreme Court has recognized a fundamental constitutional right of access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 828 (1977), the Court has made it clear that prisoners are entitled to meaningful, but not total or unlimited, access to the courts. *Id*. at 823. Moreover, a prisoner's contention that he has been deprived access to the courts must show actual injury, not mere deprivation, as a constitutional "prerequisite" to bringing a claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Fatal to Plaintiff's claim is his failure to allege facts identifying any actual injury resulting from the alleged denial of access to the courts. *See Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (finding prisoner's claims of denial of access to a law library and allegations that he was unable to research and prepare initial pleadings too conclusory to present a plausible claim for denial of access to courts). Indeed, the only "injury" alleged by Plaintiff is a conclusory allegation that he is unable to prepare his defense in pending state court criminal proceedings. But Plaintiff fails to identify in a manner sufficient to state a plausible claim for

relief how he has been impeded in those efforts. *See McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001).[1]

Moreover, Plaintiff specifically seeks access to a law library. *See* Complaint at p. 4, ¶ I(4) ("I want the court to order the defendants to provide a law library within the facility."). But "physical access to a prison law library is not a right." *Yaweh v. Zavaras*, No. 95-1515, 1996 WL 734652 at *1 (10th Cir. Dec. 23, 1996) (unpublished op.) (*citing Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (additional citations omitted)); *see also Taylor*, 183 F.3d at 1204 ("[W]hile prisoners . . . have a right to adequate, effective and meaningful access to the courts, access to a law library is only one of many constitutionally acceptable methods used to assure meaningful access to the courts."); *Lewis v. Clark*, 577 F. App'x 786, 796 (10th Cir. 2014) ("providing access to a law library is one means of effectuating the right of access to the courts" but "the Constitution does not guarantee prisoners 'an abstract, freestanding right to a law library or legal assistance'") (*quoting Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Thus, dismissal of the

---

[1] Although Plaintiff claims he is appearing pro se in the criminal proceedings, the Court takes judicial notice of the docket in *State of Oklahoma v. Smith*, Case No. CF-2015-2020, District Court of Cleveland County, State of Oklahoma, available at http://www.oscn.net. The docket reflects that Plaintiff is represented by appointed counsel. The docket further reflects that although Plaintiff previously requested to represent himself, he has recently withdrawn his request and has agreed to proceed with appointed counsel. "It is well established that providing legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library." *United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir. 1999) (*citing Lewis v. Casey*, 518 U.S. 343, 350–51 (1996)); *compare United States v. Stanley*, 385 F. App'x 805, 807-808 (10th Cir. 2010) ("Providing standby legal counsel for assistance at trial is the equivalent of allowing library access . . . [a]nd in any event, a trial court is under no obligation to provide law library access to a prisoner who voluntarily, knowingly and intelligently waives his right to counsel in a criminal proceeding.") (internal quotations and citation omitted).

Complaint is warranted as Plaintiff has not included allegations sufficient to state a plausible § 1983 claim for relief.[2]

## RECOMMENDATION

It is recommended that the Complaint [Doc. No. 1] be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which § 1983 relief may be granted. The dismissal should be counted as a "strike" pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by May 11, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

[2] It does not appear that Plaintiff brings any additional or separate claim alleging a due process violation based on the Defendants' alleged refusal to respond to his grievances. Any such claim, however, would necessarily be subject to dismissal as Plaintiff has no constitutional right to a grievance procedure. *See, e.g., Green v. Corrections Corp. of America*, 401 F. App'x 371, 375 n. 4 (10th Cir. 2010) (prisoner's claims premised under the Due Process Clause and First Amendment did not establish constitutional violations as prisoner did not "have a constitutional right to use prison grievance procedure"); *see also Brewer v. Gilroy*, 625 F. App'x 827, 838 (10th Cir. 2015) (finding "no independent due process rights" arise out of prison officials' disposition of internal grievances).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter.

ENTERED this 20th day of April, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE